IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IOU CENTRAL, INC.                          *
d/b/a IOU FINANCIAL, INC

                                           *

        Plaintiff,

vs.                                        *          CASE NO. 4:19-00199-CDL

HOANG M. DO,                               *
a/k/a HOANG MIHN DO,
LUXE ENTERPRISES, INC.,                    *
A/K/A LUX NAILS,

                                           *

        Defendants.

_____

## PLAINTIFF'S MOTION TO TRANSFER VENUE

Plaintiff IOU moves to transfer venue as follows:

1.      IOU filed suit on 11/27/19 [Doc 1] as to the current Defendants, served with process, who never raised the affirmative defense of venue per Fed. R. Civ. P. 12 in their answer [Doc 16] which was also waived in the 16/26 Order. [Doc 17]

2.      IOU's Amended Complaint [Doc 13] alleges that the Note and Guarantees at issue stipulate to Georgia law and venue for their enforcement.  [Doc 1, Complaint ¶ 5-6]

3.      The Note and Guaranty at issue provide for enforcement in Cobb County, located in the Northern District of Georgia, Atlanta Division.

4.      IOU filed this case in the Court, which has a smaller caseload than the Northern District and can quickly process summons, although IOU has not filed cases here since January.

5.      However, the Current National Emergency will make it difficult to bring IOU's staff to the Court in the event a hearing is required on damages.

6      Given these issues, IOU moves to transfer this case to the Northern District of Georgia, Atlanta Division.

7.      IOU's counsel will email a proposed order to chambers, a precise copy of which is attached as **Exhibit 1**.

## MEMORANDUM

The Court is requested to take judicial notice of these matters per Fed. R. Evid. 201, including the cases cited. The Court may properly take judicial notice of court documents from other cases, such as *IOU v. ACRA*, 4:19-CV-177, a factually similar one. ***Collett v. Olympus Optical***, LEXIS 208463 *4-6, WL 6517442 (M.D. Ga. 2018) *citing* ***Horne v. Potter***, 392 F. App 802 (11th Cir. 2010) (per curiam) [court properly took judicial notice of court documents from plaintiff's first discrimination action to determine if her second action was barred by res judicata]

## I.      Defendants Waived the Defense of Venue.

Venue is a defense that must be raised or is otherwise waived by a *defendant* per Fed. R. Civ. P. 8 and 12 (h) and cannot be raised *sua-sponte* by the Court. ***Aero Techs v. Lockton***, 406 Fed. Appx. 440-441 (11th Cir. 2010)  ["Having found no case law to support [defendant's] claim that a court may step in and negate a defendant's decision to waive venue, we reverse the district court's *sua sponte* dismissal of [plaintiff's] claims against [defendant] for improper venue and remand this case for further proceedings consistent with this opinion."] citing ***Lipoftky v. N.Y State Workers***, 861 F.2d 1257, 1258 (11th Cir. 1988) ["*In the absence of a waiver*, a district court may raise on its own motion an issue of defective venue. . ."]   The Defendants waived this defense which the Court cannot invoke.

**II.    The Case Should be Transferred under 28 U.S.C. §1406 and/or §1404.**

However, under 28 U.S.C. § 1406(a). the Court may, in the interests of justice, transfer the case to the Court "in which it could have been brought," the Northern District of Georgia, Atlanta Division. *Turfgrass Group v. Carolina Fresh Farms*, LEXIS 33633 * 12-13 (M.D. Ga. 2010) transferred case to South Carolina, per § 1406, citing the interests of justice, as the acts and omissions at issue occurred there and defendants resided there] The location of the acts and omissions is the Northern District of Georgia. Atlanta Division, where venue is proper.

Under 28 U.S.C. § 1404(a), the Court may transfer the case to the Northern District "for the convenience of parties and witnesses, in the interests of justice" as the National Emergency arose since the case was filed, precluding travel to the Court by IOU's witnesses if required for hearing. *Bell v. Rosen*, LEXIS 126752 * 21-22, *33-34, *49-50 (S.D. Ga. 2015) [transferred case to Middle District, per § 1404, citing convenience of the parties and witnesses and locus of facts as main factors] The convenience of the witnesses and parties in Georgia, requires venue in the Northern District of Georgia. Atlanta Division, given the National Emergency.

**CONCLUSION**

Plaintiff respectfully requests the Court transfer the case to the Northern District of Georgia, Atlanta Division and grant other just relief.

Respectfully submitted this 14th day of May 2020.

By:     */s/Paul G. Wersant*
        Paul G. Wersant
        Georgia Bar No. 748341
        3245 Peachtree Parkway, Suite D-245
        Suwanee, Georgia 30024
        Telephone: (678) 894-5876
        Email: pwersant@gmail.com
        Attorney for Plaintiff
        File No. 138632